### GREEN vs. THE STATE OF GEORGIA.

1. The verdict is supported by the evidence. Had death ensued, the offense would have been murder; death not resulting, it was assault with intent to murder.
2. A ground of a motion for new trial which is not certified will not be considered by this court.
(a.) Sayings of a person, made some days after being shot, detailing what he had done to defendant several days before the rencounter, and with no foundation laid to introduce them for purposes of impeachment, were inadmissible.
(b.) They were no part of the res gestæ.
Judgment affirmed.
September 9, 1884.

JACKSON, Chief Justice.

[T. C. Green was indicted for assault with intent to murder committed on H. V. Evans. The evidence for the state showed, in brief, as follows: Defendant went into a store and passed through and out at another door; Evans went from the post-office and entered the store. The witness who detailed these facts testified that he thought he saw something in Evans's hand, but could not swear positively, and that defendant was then standing at the corner of the house watching both doors, and had something in his hand,

which the witness thought was a pistol.  After entering the house, Evans went up to the counter and was brushing it with one hand.  He then had nothing in his hand. Defendant entered the room, went up to Evans and shot him.  As the defendant approached, Evans turned his side, and the ball took effect in his arm.  Defendant then ran, and Evans followed him, shooting at him.  The witness did not know where he got his pistol.

The evidence for the defendant was, in brief, as follows: There had been previous harsh feelings between the parties, and on several occasions, extending through a period of two or three weeks prior to the shooting, Evans had threatened to whip defendant.  On one occasion, he went to a still-house and inquired for defendant.  He had a gun, and said that he had come to see defendant about what the latter had been saying.  Defendant ran out of the field into the woods.  Evans also said that he was going to whip defendant, and that he had put fifteen or eighteen buckshot in his gun and come after him.  Just before the shooting, defendant rode up to the post-office in the town of Ludville.  Evans asked him if he wanted a row, and said that he (Evans) wanted to whip him.  Defendant said that he did not want a difficulty, and rode around in front of the store.  Evans asked him if he was not going to get down, saying, " I will pop you by the time you touch the ground."  Defendant rode off to the store near by, got down and went in ; Evans followed him, and directly defendant was running, with Evans following, shooting at him.

The jury found the defendant guilty.  He moved for a new trial, on the following grounds :

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to allow a witness for the defendant to testify that Evans said to her, in a conversation a few days after the assault at Ludville, that a few days before such assault by defendant upon him he

(Evans) met defendant in the public road, and that he fired two shots at defendant. (The court added to this ground the following note: " The court understood the witness, Malinda McDaniel, to say that the shooting about which she said Evans was talking to her at the time referred to was done, or said by Evans to have been done, after the shooting at Ludville, for which defendant was indicted. And the court asked the witness if it was a matter which should have occurred after the assault at Ludville, and she replied, yes. And the court told her not to state it then. She was unfortunate in her manner of expressing it, or the court was unfortunate in failing to understand her. From an affidavit she now makes, I presume she intended to relate a conversation she had, or said she had, with Evans after the difficulty at Ludville, about some shooting, which she said Evans told her occurred before that at Ludville.")

The motion was overruled, and defendant excepted.]